**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE E. BASON, | No. 11-35218 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-06281-HU |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted July 12, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

The Commissioner of Social Security decided that Jane Bason ("Mrs.

Bason") was not disabled for purposes of eligibility for disability benefits. Mrs.

Bason timely appealed the district court's order upholding the Commissioner's

decision. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mrs. Bason's application for disability benefits was denied by the Administrative Law Judge ("ALJ") on October 15, 2008. The ALJ determined that Mrs. Bason could preform her past relevant work as a general clerk, office helper, receptionist, and data entry clerk. Furthermore, the ALJ found that Mrs. Bason's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with her residual functional capacity assessment. In addition, the ALJ rejected the opinion of Dr. Ladd, Mrs. Bason's treating physician, in favor of objective and testimonial evidence that showed Mrs. Bason's physical ability was greater than she alleged. Accordingly, the ALJ concluded that Mrs. Bason failed to establish that she was disabled.

First, the ALJ did not err in finding that Mrs. Bason's depression was non-severe. An ALJ must defer to the treating doctor's opinion, even if controverted by another doctor, unless the ALJ makes findings setting forth specific, legitimate reasons for rejecting the treating doctor's opinion based on substantial evidence in the record. *See Turner v. Comm'r of Soc. Sec..*, 613 F.3d 1217, 1222 (9th Cir. 2010). The ALJ considered the opinions of two psychologists, an examining psychologist and a non-examining reviewing psychologist; both concluded that Mrs. Bason's depression did not impose a significant limitation on her ability to

2

work or function.  Moreover, Mrs. Bason never reported to any physician that her depression prevented her from working.  Thus, the ALJ properly determined that Mrs. Bason's depression was non-severe based on substantial evidence in the record.

Second, the ALJ did not err in rejecting the lay evidence given by Mr. Bason, Mrs. Bason's husband.  Lay testimony may be rejected if it is inconsistent with the record of a claimant's activities.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (stating that "[t]o determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider . . . ordinary techniques of credibility evaluation . . . [such as] prior inconsistent statements concerning the [claimant's] symptoms.").  The ALJ properly considered the testimony of Mr. Bason and reasonably found inconsistencies between Mr. Bason's testimony and Mrs. Bason's testimony at the hearing before the ALJ and her statements made to her doctors.

Third, the ALJ gave clear and convincing reasons for rejecting Mrs. Bason's allegations in finding her not to be credible.  "[An] ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted).  The ALJ properly found the

3

progress notes of Mrs. Bason's treating physicians inconsistent with her testimony. Additionally, the ALJ properly considered Mrs. Bason's work history and found it inconsistent with her claimed limitations. Thus, the ALJ provided specific and legitimate reasons for discrediting Mrs. Bason's testimony regarding the severity of her symptoms.

Fourth, the ALJ gave clear and convincing reasons for rejecting the opinion of Dr. Ladd, a rheumatologist who served as Mrs. Bason's treating physician. To "reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician" an ALJ must "make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (internal quotation marks and brackets omitted). The ALJ properly found that Dr. Ladd's assessment of Mrs. Bason's limitations was inconsistent with Dr. Ladd's own treatment records, objective medical test findings, and Mrs. Bason's self-reported activity. The ALJ's conclusion rejecting Dr. Ladd's opinion rests on specific and legitimate reasons and is supported by substantial evidence in the record as a whole.

Lastly, the ALJ did not commit reversible error by misquoting the findings of Dr. Robinson, an examining physician. *See Batson v. Comm'r, Soc. Sec.*

4

*Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ misquoted Dr. Robinson's conclusion. Dr. Robinson concluded Mrs. Bason was able to stand or walk for "*less* than six hours in an eight-hour day." (emphasis added). The ALJ, however, omitted the word "less" when he quoted Dr. Robinson's assessment. The ALJ's misquote, if error at all, was harmless because the record overwhelmingly supports the ALJ's conclusion that Mrs. Bason is capable of light work.

**AFFIRMED.**